T. S. Parrish and J. D. Goin, Late Co-Partners Doing Business as Parrish & Goin, and Lee Dekle and M. M. Jetton, *Plaintiffs in Error*, v. Board of Public Instruction of Polk County, Florida, a Corporation, *Defendant in Error*.

Opinion Filed June 18, 1921.

Petition for Rehearing Denied July 19, 1921.

1.  In an action on a contractors' bond to recover losses resulting from a failure of the contractors to complete the construction of a building undertaken and partially performed, where it appears that some changes were made in the building plans after the contractors abandoned the contract and that such changes were not acquiesced in by the sureties, and increased the cost of completion, and it does not appepar that such changes did not augment the amount awarded against the sureties or that the plaintiff completed the building without undue expenses to the sureties, the judgment will be reversed for appropriate proceedings.

2.  While sureties are liable to the full extent of their undertaking, their obligations should not be extended beyond the intent of the bond as expressed in its various terms.

A Writ of Error to the Circuit Court for Polk County; John S. Edwards, Judge.

Reversed for appropriate proceedings.

*McKay & Withers*, for Plaintiffs in Error;

*Olliphant & Olliphant*, for Defendant in Error.

Per Curiam.—In an action on a contractors' bond to recover losses resulting from a failure of the contractors

to complete the construction of a building undertaken and partially performed, there was judgment for the plaintiff against the contractors, and their sureties, and writ of error was taken.

The record is voluminous and the many questions presented need not be discussed in detail. A jury was waived and the cause was decided by the trial judge upon pleadings and evidence which substantially presented appropriate issues. It is shown that changes were made in the building plans and apparently some of them were made after the contractors abandoned the contract and the sureties did not acquiesce in the changes which materially increased the cost of completing the building after the contractors defaulted. It is not clear that these increases did not augment the amount awarded by the judgment against the sureties, or that the plaintiff completed the building without undue expense to the sureties. While the sureties are liable to the full extent of their undertaking, their obligations should not be extended beyond the intent of the bond as expressed by its various terms. Liability of the sureties appears, but the amount of the judgment is apparently excessive.

Reversed for appropriate proceedings.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.